J-S27013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISIDRO F. TEXIDOR, JR., | |
| Appellant | No. 1354 MDA 2015 |

Appeal from the Order Entered July 15, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000610-2004

BEFORE:  SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 22, 2016**

Appellant, Isidro F. Texidor, Jr., *pro se*, appeals from the order entered July 15, 2015, denying his serial post-conviction writ of *habeas corpus*, which we treat as an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and affirm.

A previous panel of this Court summarized the factual and procedural history of this case as follows:

> After a trial by jury on January 16, 17, and 18, 2006, Appellant was found guilty [of one count of robbery, three counts of aggravated assault with a deadly weapon, various counts of conspiracy, and other related crimes.  On April 24, 2006, Appellant] was sentenced to an aggregate term of imprisonment

---

[*]  Former Justice specially assigned to the Superior Court.

totaling 198 to 396 months in a state correctional facility with credit for time served of 96 days . . . .

The Commonwealth's evidence at trial established that on January 10, 2004[,] at approximately 2:30 [a.m., C.G., C.P., R.W.], a man named Maurice[,] and [C.G.'s] three children[,] ages 4, 8[, and 9,] were in [C.G.'s] residence [in Shenandoah, Pennsylvania. C.G. and] Maurice were upstairs sleeping, [C.G.'s] three children were asleep in the living room, and [C.P. and R.W.] were in the kitchen. There was a knock at the door and [C.P.] approached the door to be told that "Man" was at the door. [C.P.] woke [C.G.] to answer the door. As [C.G.] opened the door, three men later identified as Nazaniel Flores, Appellant, and David Ortega, Jr. . . . pushed their way into her residence. Appellant immediately placed [C.G.] into a headlock, and put a gun to her head. [C.G.] and [C.P.] were directed into the kitchen and told to sit on the floor. [R.W.] had gone upstairs prior to this but was brought downstairs by Flores who told him to lie on the floor. Flores proceeded to place his foot on the back of [R.W.'s] neck. Ortega tied [C.P.'s] hands with duct tape and also wanted to duct tape [C.G.'s] hands. When [C.G.] refused, Appellant held a gun to her head and told her to put her hands out. When [C.G.] refused again, Appellant hit her in the head with his gun[. At this] point, [C.G.] consented to be tied. . . .

After Appellant and Flores left the room, [C.G., C.P., and R.W.] heard a struggle upstairs, then a gunshot and then the scream of one of [C.G.'s] children. The bullet from the gunshot lodged itself in the couch where one child was sleeping. [C.G.] checked on her children, chewed through the duct tape on her hands and went upstairs to find Flores rummaging through her dresser drawers. Appellant then came into [C.G.'s] bedroom to retrieve Flores after which both [Appellant and Flores] departed the residence. . . .

[O]nce out of the residence, Flores called [C.P.'s] cell phone and asked for Maurice. When [C.P.] told

Flores that Maurice was not there, Flores stated that they were coming back to heat the place up. [C.P.] informed Flores that the police were coming. Appellant, Flores[,] and Ortega returned to the residence as [C.G.] was standing outside waiting for them in an attempt to prevent them from returning. The three [criminals] parked for a brief time in the parking lot and left.

[Appellant was apprehended, tried before a jury, and found guilty of the above-mentioned crimes. After Appellant was sentenced,] Appellant filed a timely, *pro se* notice of appeal to [the Superior Court]. On July 30, 2007, [the Superior Court] affirmed [Appellant's] judgment of sentence, and our Supreme Court denied [Appellant's] petition for allowance of appeal on December 12, 2007. ***Commonwealth v. Texidor***, 935 A.2d 24 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 938 A.2d 1053 [(Pa. 2007)].

On January 22, 2008, Appellant filed a [timely, *pro se* PCRA petition], counsel was appointed, and an evidentiary hearing was [scheduled for] April 30, 2008. The sole issue raised by Appellant within his PCRA petition was a claim of ineffective assistance of counsel due to trial counsel's interference with Appellant's right to testify at trial. At the beginning of the evidentiary hearing, Appellant chose to waive his right to counsel and proceed *pro se*. Both Appellant and trial counsel then testified. By memorandum and order entered December 17, 2008, the PCRA court denied Appellant's petition.

***Commonwealth v. Texidor***, 987 A.2d 826 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 991 A.2d 312 (Pa. 2010) (internal quotations, citations, and corrections omitted).

On October 15, 2009, we affirmed the order denying Appellant's PCRA petition and, on March 23, 2010, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Id.***

- 3 -

On September 28, 2011, Appellant filed the current PCRA petition, which is Appellant's second petition filed under the PCRA. Within this petition, Appellant claimed that – on May 3, 2007 – the trial court illegally modified Appellant's original sentence. Appellant pleaded:

[Appellant] was originally sentenced on April 24, 2006. On May 3, 2007, more than a year after [Appellant] was sentenced, [the trial court] entered an [a]mended [o]rder which made Count 11, aggravated assault, consecutive to Count 7, aggravated assault. This amendment resulted in [Appellant] receiving a substantially longer sentence [than he was originally given]. . . . The [a]mended [o]rder dated May 3, 2007, effectively increased [Appellant's] sentence from 132 [to] 264 [months'] imprisonment to 198 [to] 396 [months'] imprisonment.

Appellant's Second PCRA Petition, 9/28/11, at 8 and 10.

*Commonwealth v. Texidor*, 1920 MDA 2011, 63 A.3d 840 (unpublished memorandum at 1-3) (Pa. Super. filed November 28, 2012). This Court affirmed the PCRA court's dismissal of Appellant's petition, and our Supreme Court denied allowance of appeal on March 28, 2013. *Id.*, *appeal denied*, 63 A.3d 1247 (Pa. 2013).

On June 16, 2015, Appellant filed the instant matter entitled, "Petition for Writ of Habeas Corpus Ad Subjiciendum." In it, Appellant argues that the original sentencing order entered April 24, 2006, was ambiguous and that he should be sentenced to the interpretation that gives him a lesser sentence pursuant to the rule of lenity. Petition for Writ of Habeas Corpus Ad Subjiciendum, 6/16/15, at 1-4. The common pleas court treated the petition as a PCRA petition, and gave notice of its intent to dismiss pursuant to

- 4 -

Pa.R.Crim.P. 907 on the basis that the petition was untimely and no exceptions to the time-bar were alleged.

Appellant filed a response to the notice to dismiss, asserting that he was challenging the "continued validity of his judgment of sentence. Specifically, [Appellant] avers that the continued validity of his sentence has been adversely effected [sic] by ambiguity in both his oral pronouncement of sentence and in the written sentencing order dated April 24, 2006." Petitioner's response to the court's notice pursuant to Pa.R.Crim.P. 907, 7/7/15, at 1. Therefore, Appellant argues, his claim is not cognizable under the PCRA and should be treated as a petition for writ of *habeas corpus*. **Id.** at 2. As a petition for writ of *habeas corpus*, the petition would not be subject to the PCRA's timeliness requirements. **Id.**

The common pleas court dismissed the petition on July 15, 2015. Appellant timely appealed. Both Appellant and the common pleas court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court err in treating Appellant's Petition for Writ of Habeas Corpus ad subjiciendum as a petition pursuant to the Post-Conviction Collateral Relief Act?

2. Did the trial court abuse its discretion by denying and dismissing Appellant's Petition for Writ of Habeas Corpus ad subjiciendum[?]

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court erred in treating his petition for writ of *habeas corpus* as a PCRA petition. Appellant's Brief at 8. Appellant maintains that the "challenge to his judgment of sentence, based upon ambiguity, is not cognizable under the PCRA." *Id.* Appellant asserts that he seeks to have the "ambiguity" resulting from the difference in the original sentencing order and the amended sentencing order resolved in his favor. *Id.* at 17. Appellant contends that the "continued validity" of the original sentence imposed has been "adversely affected" as a result of this ambiguity. *Id.* at 16. Appellant further details what he is **not** asserting, as follows:

> Appellant is not asserting his innocence of the underlying crimes or that his sentence was illegal **when imposed**. Nor is Appellant asserting that his conviction or sentence resulted from a violation of the Constitution, ineffective assistance of counsel, an unlawfully induced plea, obstruction by government officials of his right to appeal, newly discovered evidence, a sentence greater than the lawful maximum or a lack of jurisdiction.

*Id.* (emphasis in original). As such, Appellant posits he "properly resorted to the writ of <u>habeas corpus</u> as a vehicle for seeking relief." *Id.* at 8.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Id*. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

As we have explained in considering whether *habeas corpus* petitions should be treated as PCRA petitions:

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; ***Commonwealth v. Haun***, 32 A.3d 697 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. ***Fahy***, supra at 223–224; ***Commonwealth v. Chester***, 557 Pa. 358, 733 A.2d 1242 (1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***See Commonwealth v. Peterkin***, 554 Pa. 547, 722 A.2d 638 (1998); ***see also Commonwealth v. Deaner***, 779 A.2d 578 (Pa. Super. 2001) (a collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-466 (Pa. Super. 2013).

Here, Appellant baldly asserts that his challenge is to the "continued validity" of his sentence, and is therefore outside the ambit of the PCRA. Despite this assertion, Appellant fails to allege any circumstances that arguably have impacted the "continued validity" of his sentence. Appellant cites several cases in support of his argument in which intervening circumstances impacted and brought into question the continuing validity of the appellants' sentences. However, Appellant's case is unlike those unique claims which were deemed to fall outside the PCRA's statutory scheme. ***See Commonwealth v. West***, 938 A.2d 1034 (Pa. 2007) (holding that

substantive due process challenge to continued validity of defendant's judgment of sentence after a nine-year delay is not cognizable under the PCRA); **Commonwealth v. Judge**, 916 A.2d 511 (Pa. 2007) (holding that allegation that Canada violated appellant's rights under the International Covenant for Civil and Political Rights is not cognizable under the PCRA).

Instead, Appellant simply asserts that there was "ambiguity" in the originally imposed sentence. Indeed, as noted by Appellant, the trial court issued a subsequent order clarifying the "ambiguity," which amounted to a typographical error in the original sentence.

The original sentencing order, dated April 24, 2006, indicates that Appellant's "total sentence is 198 months to 396 months." Sentencing Order, 4/24/06, at 1.[1] The May 3, 2007 amended order clarified that Count 11, aggravated assault, was to run consecutively to Count 7 instead of Count 1, as erroneously indicated in the original order, thereby accounting for the total imposed sentence of 198 months to 396 months. Amended Order of Court, 5/3/07, at 1. Thus, the amended order simply corrected a typographical error in the original sentencing order. Appellant's sentence remained unchanged.

---

[1] We note that Appellant has acknowledged that the original sentencing order dated April 24, 2006, indicates a total aggregate sentence computation of 198 months to 396 months of incarceration. Petition for Writ of Habeas Corpus Ad Subjiciendum, 6/16/15, at ¶ 5.

"It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011). "A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders." ***Id.*** at 471-472 (citing 42 Pa.C.S. § 5505; ***Commonwealth v. Cole***, 263 A.2d 339 (Pa. 1970)). Here, the trial court did nothing more than clarify the original sentencing order.

Although Appellant contends that he is not challenging the jurisdiction of the trial court, we conclude that is the essence of his claim. In broad terms, Appellant is alleging that the trial court did not have authority to issue the amended sentencing order. Thus, despite Appellant's creative efforts, his claim constitutes a challenge to the propriety of the sentence and the trial court's jurisdiction to issue the amended order. As such, his claim is cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(viii) (the eligibility criteria in Section 9543 of the PCRA include claims asserting that the proceeding was held in a tribunal without jurisdiction); ***see also Commonwealth v. Hughes***, 865 A.2d 761, 776 (Pa. 2004) (petitioner's challenge to criminal court's refusal to transfer murder case to juvenile court was facially cognizable under the PCRA as the propriety of whether the charges should be prosecuted in the juvenile court or adult court system implicated jurisdictional concerns). Furthermore, as noted, a trial court has

the inherent power to correct clerical errors in its orders. ***Borrin***, 12 A.3d at 471.

Additionally, we note that Appellant challenged the amended sentencing order in his second PCRA petition, as referenced above. In denying his petition, the PCRA court explained:

> [Appellant's issue] concerns an amended sentencing Order entered by [the PCRA court] on May 3, 2007, correcting a typographical error made in the original sentencing Order dated April 24, 2006. [Appellant] alleges that the Amended Order changed his sentence from 132 months to 264 months [of imprisonment], to 198 month[s] to 396 month[s] of imprisonment. This is patently untrue. The original sentencing Order expressly states at the bottom that [Appellant's] "Total sentence is 198 months to 396 months." The typographical error corrected in the Amended Order did not change [Appellant's] total sentence. Because there was no substantive change to [Appellant's] sentence in the Amended Order, this issue is spurious.

PCRA Court Order, 10/7/11, at 1-2. As referenced, this Court affirmed the PCRA court's order dismissing Appellant's second PCRA petition.

Accordingly, Appellant's renaming his challenge as a petition for writ for *habeas corpus* relief does not suffice to establish that the claim is outside the ambit of the PCRA and therefore cognizable as a *habeas corpus* petition. Accordingly, Appellant's petition for writ of *habeas corpus* was properly treated by the common pleas court as a PCRA petition.

Given this determination, we address Appellant's second claim. In it, Appellant argues that the PCRA court abused its discretion by denying and dismissing Appellant's petition. Appellant's Brief at 17.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013) (citing ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42

_____

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant was sentenced on April 24, 2006. Appellant filed a direct appeal. This Court affirmed Appellant's judgment of sentence on July 30, 2007, and the Supreme Court issued an order denying Appellant's petition for allowance of appeal on December 12, 2007. *Texidor*, 981 MDA 2006 (unpublished memorandum), *appeal denied*, 938 A.2d 1053.

Accordingly, Appellant's judgment of sentence became final on March 11, 2008, ninety days after the Pennsylvania Supreme Court denied the petition for allowance of appeal and time expired for Appellant to file an appeal with the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had to file this PCRA petition by March 11, 2009, in order for it to be timely. Appellant did not file the instant

*(Footnote Continued)* ———————

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

petition until June 16, 2015. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). Here, Appellant has failed to assert any of these exceptions.

Consequently, because the PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/22/2016